## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

**TIMOTHY ALLEN PERDUE**                                                              **PLAINTIFF**

**v.**                             **CIVIL ACTION NO. 5:21-CV-P180-TBR**

**JULIE PHILLIPS et al.**                                                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff, Timothy Allen Perdue, a prisoner, initiated this 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the claims will be dismissed, but the Court will afford Plaintiff the opportunity to amend his complaint.

### I. STATEMENT OF CLAIMS

Plaintiff is a convicted inmate housed at the McCracken County Jail. He sues Nurse Julie Phillips and C.O. Heather Duncan in their official capacities for alleged Eighth Amendment violations.

Plaintiff alleges that for a week he tried to obtain medical help through Nurse Phillips when he was "bed stricken" with gout in both of his hands and feet. He further alleges that during that time that he was forced to lay in his urine in his bed for two days. According to Plaintiff, Nurse Phillips told him that he was "not a medical emergency because I was still breathing and if I didn't shut up and listen she would shut the bean flap and move on[;]" that "she didn't care[;]" and that she would talk to someone about getting him some help the next day and see if a C.O. had time to help him to the bath room, but "[n]either ever happen." He states that he finally got a different nurse to "leave a med slip."

Plaintiff also alleges that C.O. Duncan violated his Eighth Amendment rights when she "threw" his lunch tray through his door on two consecutive days knowing that he was unable to get out of bed to eat "and would not obtain me any help."

Plaintiff seeks monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The claims against Defendants in their official capacity must be construed as brought against the governmental entity employing them, *i.e.*, McCracken County. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). When a § 1983 claim is made against a municipality, like McCracken County, a court must determine whether the plaintiff's harm was caused by a constitutional violation and also determine whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). "[A] municipality cannot be held liable *solely* because

it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691 (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). In other words, the policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *see also Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Here, Plaintiff has not alleged that a McCracken County policy or custom was the moving force behind the alleged constitutional violations. Accordingly, the Court will dismiss Plaintiff's official-capacity claims against Defendants. However, the Court will provide Plaintiff an opportunity to name Defendants in their individual capacities. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

## III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims are **DISMISSED** for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that **within 30 days** of entry of this Order Plaintiff may amend his complaint to name Defendants in their individual capacity.  **If Plaintiff fails to timely amend his complaint, this action will be dismissed for the reasons set forth above**.

The Clerk of Court is **DIRECTED** to send Plaintiff a copy of page 2 of his complaint (DN 1) with this case number and "AMENDED" affixed thereto for Plaintiff to name Defendants in their individual capacities.

Date:  May 23, 2022

*[signature: Thomas B. Russell]*

Thomas B. Russell, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    McCracken County Attorney
4413.009